## SOUTHERN RAILWAY COMPANY *v*. BYRUM & KING *et al.*

Under the facts the court should have refused a temporary injunction.

NOVEMBER 19, 1910.

Injunction.    Before Judge Kimsey.    Stephens superior court. April 27, 1910.

Byrum & King filed a petition to the railroad commission, alleging, that they applied to the Southern Railway Company for spur-track from its main line at a point near Ayersville, in Stephens county, for the purpose of establishing and maintaining a brick-yard at that point; that pursuant to this application the railway company agreed with them to put in a track upon the payment by them of a certain sum of money, and upon the faith of this agreement they proceeded to make the necessary arrangements to manu-facture brick in large quantities; and that they had on hand a large quantity of brick which they were unable to profitably mar-ket except over the spur-track agreed to be built.   They prayed that the railway company be required at once to put in the spur-track.   One of the commissioners, on November 25, 1907, ad-dressed a letter to the attorney of Byrum & King, to the effect that the commission had decided that it was a dangerous point to break the main line of the track; but that inasmuch as the applicants had incurred expense upon the supposition that they had a valid con-tract, the commissioners thought the railroad company ought to put applicants in as good position as they were before incurring the expense; and that the authorities of the railway company had promised that they would confer with applicants with a view of reaching a satisfactory agreement.   On June 20, 1908, Byrum & King and the Southern Railway Company entered into a written contract for the construction of an industrial spur-track 350 feet long, which contract stipulated that it was to continue in effect for the full term of one year next ensuing from and after its date, and thereafter until either party shall have terminated the same by serving on the other sixty days notice in writing of its election so to do, in which event, upon the taking effect of such notice, the railway company might discontinue the operation of such in-dustrial track, and take up and remove the same, including the fix-tures therefrom and from the right-of-way appurtenant thereto. The spur-track was built under this agreement.   On November

10, 1909, the railway company notified Byrum & King that it elected to terminate the agreement concerning the construction and operation of an industrial track as described in the agreement, and that it intended to discontinue the operation of the track and take up and remove the same within sixty days from the date of the service of the notice, in accordance with the terms of the contract. Thereupon, on December 30, 1909, Byrum & King, together with Bird Kenny, Marion Edmonds, W. P. Brown, and W. J. Mays, filed their petition to the railroad commission, alleging, that in 1908, on the faith of the promises of the Southern Railway to put in the spur-track for them on its main line near Ayersville, Byrum & King constructed a plant for the manufacture of brick on a large scale; that, the railway company failing to comply with their promises, Byrum & King applied to the railroad commission for an order compelling them to construct the spur-track, but before any decision was reached on their petition they and the railway company reached an agreement whereby the railway company was to construct a spur-track, and a spur-track was constructed; that notwithstanding the general depreciation in business Byrum & King had shipped, to November 18 of the current year, 125 car-loads of brick, that 16 car-loads of miscellaneous freight had been handled at that switch, and that they were prepared to do a much larger business and had already manufactured about two hundred thousand brick and were prepared to manufacture large quantities. Applicant Bird Kenny alleged, that, believing the sidetrack to be permanent, he had bought a large tract of timber near it, shipped a saw-mill outfit over the spur, and had located a sawmill, and was preparing to saw the timber, and that it would take at least one year for him to convert the timber into lumber; that he would not have made this investment if he had not believed the track to be permanent, as this is his only possible shipping point. Applicants Edmonds, Brown, and Mays alleged, that they were farmers, and that it was more convenient to have their fertilizers delivered to them over this spur-track than at any other point on the railroad. It was represented in the petition that the topography of the country and the construction of the main line of the track of the railway company were such that the maintenance of the spur-track would be without danger to the operation of the railroad company's cars at this point.

They alleged that the railway company had served notice that after January 3, 1910, it would remove the spur-track; and they prayed that the railroad commission interfere to prevent the railway company from discontinuing the spur-track at the time mentioned. The railroad commission passed an order, reciting that it was dangerous to the travel and. transportation of the railway company to maintain the spur-track at this point, and denying the prayers of the petition. Whereupon the applicants, whose petition had been denied by the railroad commission, filed suit in the superior court, alleging substantially the same facts, and praying that the railroad company be perpetually enjoined from removing the spur-track. On the interlocutory hearing the court passed an order restraining the railway company from removing the spur-track, and exception is taken to this judgment.

*Fermor Barrett* and *A. G. & Julian McCurry,* for plaintiff in error.

EVANS, P. J. (After stating the foregoing facts.) We do not think it necessary to enter into a discussion as to what extent the order of the railroad commission may preclude the applicants from appealing to the courts to obtain the same relief which was denied to them by the railroad commission; for the reason that under the evidence before the judge the plaintiffs failed to make a case entitling them to the relief sought. As to Byrum & King it is clear that the spur-track was constructed by virtue of an agreement between them and the railway company, wherein it was stipulated that the railway company would have the right to remove the spur-track at the expiration of one year, or thereafter, upon giving them sixty days notice to that effect. The benefits which accrued to them from the construction of the spur-track were by virtue of the contract, which authorized the suspension of these benefits at a particular time. Having contracted that the spur-track might be removed, they can not complain that the railway company is proceeding to avail itself of its contractual right to remove the spur-track. The only claim which three of the plaintiffs set up for the continuance of the spur-track is that of convenience, and not of loss; and manifestly they have no right to interfere with the railway company in the operation of its line of road. The remaining plaintiff, Bird Kenny, does not in terms admit knowledge that the spur-track was built under a contract with Byrum &

King; yet, in his petition to the railroad commission as well as in his petition to the superior court, allegations are made and arguments advanced to support the contention that the spur-track should be made permanent, independently of the contract under which it was constructed. He was aware that the railway company intended to take up the spur-track, under its agreement with Byrum & King, at the time he filed his petition in the superior court; and yet he does not negative any knowledge that the spur-track came into existence by virtue of a contract with Byrum & King. He joined with Byrum & King in the petition before the railroad commission, and, later, before the superior court. He was fully aware of their contention that the spur-track was established by contract, and could be removed in accordance with its terms, but insisted that under the special circumstances the railroad commission should make it permanent. It was incumbent upon him, in his effort to interfere in the internal management of the railway company's business, to show all the facts entitling him to relief; and where the contention of the railway company before the railroad commission, and the court on interlocutory hearing, was that the spur-track was established by agreement which authorized its discontinuance on notice, and he does not undertake to deny knowledge of such fact, but, on the other hand, joins in the petition with the other party to the contract, who is undertaking to get relief outside of the same, we think that he has not made such a case as would entitle him to be treated other than his coplaintiffs, who are parties to the contract. We therefore think that the court abused his discretion in holding that the railroad company should be enjoined from removing the track, according to the terms of the agreement by virtue of which it was originally laid down.

*Judgment reversed. All the Justices concur.*